**AOELUA SA'OFETALAI, Appellant**

**v.**

**MEMBERS OF THE AOELUA FAMILY, Appellees**

High Court of American Samoa
Appellate Division

AP No. 32-90

January 15, 1991

Before REES, Associate Justice.

Counsel: For Appellant, Togiola T.A. Tulafono
For Appellees, Charles V. Ala'ilima

On Request for Transcript:

On December 21, 1990, appellant timely filed a notice of appeal and a request for an estimate of the cost of preparing a transcript. On December 24, 1990, the court reporter filed the requested estimate, with a certificate of service on appellant's counsel.

Appellant then had ten days to file an order for a transcript, to deposit with the reporter an amount of cash equal to the estimated cost of the transcript, and to file with the Clerk of the High Court the receipt for such deposit. Appellate Court Rule 10(b)(1), (4). An order for a

1

transcript must be in writing, must be filed with the Clerk, and must be served on the appellee. Appellate Court Rule 10(b)(1).

The ten-day deadline for compliance with the provisions of Rule 10(b) expired on January 4, 1991. Appellant appears not to have done any of the things necessary to comply with the rule. Instead, on January 16, appellant's counsel's secretary gave an envelope containing cash in the amount of the required deposit to a colleague of the court reporter who had provided the estimate. No written order for a transcript has been filed with the clerk or served on appellee.

The only way to secure an extension of time in which to order a transcript is to file a motion with notice to the opposing parties. *See Opapo v. Puailoa*, 17 A.S.R.2d 30 (1990); *Alaimalo v. Sivia*, 17 A.S.R.2d 25 (1990). Appellant is still free to file such a motion, although he must now bear the heavy burden of explaining why the motion was not filed before the expiration of the deadline he sought to extend. The cash given to the court reporter has been deposited with the Clerk. It will be returned to appellant should he so request.